UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NORMAN B. CALVERT, 97-A-0267,

        Plaintiff,

                      DECISION AND ORDER
-v-                       02-CV-6194 CJS

THE STATE OF NEW YORK, et. al.,

        Defendants.

_____

INTRODUCTION

This is an action in which the plaintiff, a prison inmate at Clinton Correctional Facility ("Clinton"), is suing pursuant to 42 U.S.C. § 1983. Now before the Court are the following motions: 1) a motion for injunctive relief, asking that plaintiff be transferred to a new correctional facility; 2) a motion to amend the complaint; and 3) a motion for appointment of counsel. For the reasons that follow, the application for injunctive relief is denied and the remaining applications are referred to the Honorable Jonathan W. Feldman, United States Magistrate Judge.

BACKGROUND

The facts as alleged by plaintiff are as follows. On or about February 15, 2006, plaintiff signed a medical form at Clinton, refusing treatment for a Hepatitis C infection. At that same time, plaintiff orally declined to have a colonoscopy. He contends that some staff member at Clinton subsequently modified his written statement concerning Hepatitis C treatment by adding a statement that he was also declining the colonoscopy.

1

In other words, while plaintiff declined the colonoscopy, he apparently did not do so in writing, and he believes that someone subsequently "doctored" his written statement to make it appear that he had done so. Plaintiff also believes, based on hearsay from an unidentified declarant, that a staff medical technician "flipped the bird" at him behind his back. Because of these incidents, plaintiff is worried that Clinton's medical staff may have tampered with certain medical test results. He is also dissatisfied generally with the medical treatment that he has received at Clinton, and alleges that "contention, controversy, and strife exists between [him]self and the medical staff at [Clinton]".

## ANALYSIS

The standard for considering an application for a preliminary injunction is well settled:

> In most cases, a party seeking to obtain a preliminary injunction must establish that it will suffer irreparable harm in the absence of an injunction and demonstrate either (1) a likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of the hardships tipping decidedly in the movant's favor.
>
> ***
>
> In some circumstances, an even higher standard applies. The moving party must make a "clear" or "substantial" showing of a likelihood of success where (1) the injunction sought will alter, rather than maintain, the status quo--i.e., is properly characterized as a "mandatory" rather than "prohibitory" injunction; or (2) the injunction sought will provide the movant with substantially all the relief sought, and that relief cannot be undone even if the defendant prevails at a trial on the merits.

*Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996) (citations and internal quotation marks omitted). Here, the higher standard applies, since plaintiff is seeking a mandatory injunction, requiring defendants to transfer him to a different correctional facility.

The standard to be applied in a case involving an alleged Eighth Amendment violation arising from denial of medical care is well settled:

> In order to establish an Eighth Amendment claim arising out of inadequate medical care, a prisoner must prove deliberate indifference to his serious medical needs.  This standard incorporates both objective and subjective elements.  The objective 'medical need' element measures the severity of the alleged deprivation, while the subjective 'deliberate indifference' element ensures that the defendant prison official acted with a sufficiently culpable state of mind.
>
> Because the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law, not every lapse in prison medical care will rise to the level of a constitutional violation. [T]he Supreme Court [has] explained that the Eighth Amendment's prohibition on cruel and unusual punishments encompasses the deliberate failure to treat a prisoner's *serious* illness or injury resulting in the infliction of unnecessary pain and suffering.  Because society does not expect that prisoners will have unqualified access to health care, a prisoner must first make this threshold showing of serious illness or injury in order to state an Eighth Amendment claim for denial of medical care.  Similarly, a prisoner must demonstrate more than an inadvertent failure to provide adequate medical care by prison officials to successfully establish Eighth Amendment liability.  An official acts with the requisite deliberate indifference when that official knows of and disregards an excessive risk to inmate health or safety, a state of mind equivalent to the familiar standard of 'recklessness' as used in criminal law.

*Smith v. Carpenter*, 316 F.3d 178, 183-84 (2d Cir. 2003)(citations and internal quotations omitted).  Courts have repeatedly held that disagreements over treatment do not rise to the level of a Constitutional violation. *See, Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998)("It is well-established that mere disagreement over the proper treatment does not create a constitutional claim.").  Similarly, negligence constituting medical malpractice, without more, will not establish a constitutional claim. *Id*. (citation omitted).

Here, the Court finds that plaintiff has not alleged any facts that would entitle him to injunctive relief.

CONCLUSION

Plaintiff's application [#20] is denied, insofar as it seeks an injunction requiring that he be transferred to a new correctional facility. By separate Order [#21], the Court has referred all non-dispositive pretrial matters in this case, including the remaining portions of plaintiff's motion, seeking leave to amend the complaint and requesting appointment of counsel, to the Honorable Jonathan W. Feldman, United States Magistrate Judge, for resolution.

So Ordered.

Dated: Rochester, New York
       March 28, 2006          ENTER:


                               /s/ Charles J. Siragusa
                               CHARLES J. SIRAGUSA
                               United States District Judge