UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

NORMAN B. CALVERT,

                      Plaintiff,        No. 02-CV-6194 CJS

  -vs-

                                          DECISION AND ORDER

THE STATE OF NEW YORK, et al.,

                    Defendants.

_____

APPEARANCES

| | |
|---|---|
| For Plaintiff: | J. Michael Wood, Esq.<br>Chamberlain D'Amanda<br>Oppenheimer & Greenfield LLP<br>Two State Street, 1600 Crossroads Building<br>Rochester, New York 14614-1397 |
| For Defendants: | Benjamin A. Bruce, A.A.G.<br>New York State Attorney General's Office<br>Department of Law<br>144 Exchange Boulevard<br>Rochester, New York 14614 |

INTRODUCTION

This is an action, pursuant to, *inter alia*, 42 U.S.C. § 1983, 42 U.S.C. § 1985(3), Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12132, brought by plaintiff Norman Calvert ("Plaintiff"), who was formerly a prison inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). Now before the Court is Defendants' Motion to dismiss and/or for judgment on the pleadings. (Docket No. [#82]). The application is denied.

BACKGROUND

The facts of this case were set forth in detail in the Court's Decisions and Orders [#78][#79] issued on September 24, 2009 and October 27, 2009, respectively. It is sufficient to note that on March 11, 2008, Defendants filed a motion for summary judgment [#52]. The motion was untimely, since a prior Scheduling Order [#45] had directed that all dispositive motions be filed by January 11, 2008. Prior to that deadline, Defendants had requested an extension of time to file a dispositive motion, because they had not completed discovery. Not having received a ruling on their application for an extension of time, Defendants nevertheless failed to file their summary judgment motion by January 11, 2008. The Court later excused the late filing, considered the application on its merits, and granted partial summary judgment. The surviving claims included claims under the ADA, Section 504 and Section 1983 (First Amendment retaliation and Fourteenth Amendment claims). Some of these claims included requests for injunctive relief.

On May 30, 2010, Plaintiff was released from DOCCS' custody. Sixteen months later, on October 6, 2011, Defendants filed the subject dispositive motion, characterized as a motion under FRCP § § 12(b)(6) and 12(c). Although the deadline for filing dispositive motions had long passed, Defendants seem to indicate that their application was warranted based upon a change of circumstances in the case, namely, Plaintiff's release from prison. *See*, Bruce Declaration [#82-1] ¶ 3; Memo of Law [#82-3] at p. 1. The application indicates that the ADA and Section 504 claims, as well as any claims for money damages concerning due process violations, lack merit. Additionally, the application contends that any application for injunctive relief should be dismissed as moot,

since Plaintiff is now released from prison.

On November 17, 2011, counsel appeared before the undersigned for a status conference. The Court directed Defendants' counsel to send a letter to the Court explaining why the subject application [#82] should not be denied as untimely. The Court directed Plaintiff's counsel to respond to Defendants' letter, and to indicate whether Plaintiff was willing to discontinue his claims for injunctive relief. On November 28, 2011, Defendants' counsel submitted a letter indicating that Plaintiff's release from prison constituted good cause for Defendants to bring a motion against the claims for injunctive relief. Defendants' counsel further stated that, "[t]he other issues raised in the motion are dispositive in nature but serve to clarify arguments previously made." Bruce letter dated November 28, 2011. On December 5, 2011, Plaintiff's counsel responded [#85], maintaining that Defendants had not shown good cause for bringing a late dispositive motion. As for the portion of the motion directed at Plaintiff's claims for injunctive relief, Plaintiff further indicated that the motion was untimely, since Defendants had waited more than a year after Plaintiff was released from prison before raising the issue of mootness. In the alternative, Plaintiff asked for an opportunity to respond to Defendants' motion.

## DISCUSSION

FRCP 16(b)(4) states that a scheduling order "may be modified only for good cause and with the judge's consent." Moreover, "'good cause' depends on the diligence of the moving party." *Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229, 243 (2d Cir. 2007) (citations omitted). In this case, Defendants have not shown good cause for their untimely motion. Specifically, there does not appear to be any good reason for making a motion to dismiss the ADA, Section 504 or money damages claims related to due process

violations, at this stage of the litigation.  As for the injunctive relief claims, there probably was good cause for bringing a motion to dismiss when Plaintiff was released from prison, but Defendants were not diligent in making the motion.  Accordingly, the application [#82] is denied.

## CONCLUSION

Defendants' motion [#82] to dismiss is denied, and the Court's prior Motion Scheduling Order [#83] is vacated.  Nevertheless, in light of the fact that Plaintiff is now released from prison, having served his maximum sentence, the Court *sua sponte* questions whether there is a good faith legal basis for him to maintain claims for injunctive relief. *See, e.g., Pugh v. Goord*, 571 F.Supp.2d 477, 489 (S.D.N.Y. 2008) ("Where a prisoner has been released from prison, his claims for injunctive relief based on the conditions of his incarceration must be dismissed as moot.") (citations omitted).  Accordingly, Plaintiff's counsel is directed to submit a letter, not exceeding five pages, within 30 days of entry of this Decision and Order, explaining how there is a good faith basis for maintaining such claims.  In the alternative, Plaintiff shall voluntarily discontinue such claims by that date.  By separate order the Court will schedule this matter for trial.  The appearance for oral argument that had been scheduled for July 12, 2012 is cancelled.

So Ordered.

Dated: Rochester, New York
     June 26, 2012

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge